UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| ORPHIA SADIE WILSON, | ) |
| | ) |
| Debtor. | ) Case No. 08-22367 (ASD) |
| --- | |
| ORPHIA SADIE WILSON, | ) |
| | ) |
| Plaintiff | ) |
| vs. | ) Adv. Pro. No. 08-2070 |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST CO., | ) |
| as Trustee for Morgan Stanley ABS | ) |
| Capital I Inc. Trust 2006-HE4 and | ) |
| JOHN DOES 1-25, | ) |
| | ) |
| Defendants. | ) RE: Doc. I.D. No. 45 |

---

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR STAY PENDING APPEAL**

Orphia Sadie Wilson, *Pro Se* Plaintiff in Adversary Proceeding No. 08-2070 (hereafter, the "Adversary Proceeding"), in connection with an appeal [1] (hereafter, the "Appeal") of this Court's March 3, 2009, <u>Order Dismissing this Adversary Proceeding</u> (hereafter, the "Dismissal Order"), Doc. I.D. No. 32, and a March 30, 2009, <u>[Margin] Order</u>, Doc. I.D. No. 42, denying reconsideration thereof, has filed a <u>Motion for Stay Pending Appeal</u> (hereafter, the "Motion for Stay"), Doc. I. D. No. 45. In the Motion for Stay the Plaintiff simply requests "this Court to continue the stay in the above-referenced matter, pending appeal" (emphasis added). The Motion for Stay asserts as its sole basis that "Plaintiff would be irreparably harmed by relief from said stay" (emphasis added). While it

---

[1] The Plaintiff filed a *Notice of Appeal* on April 1, 2009. Doc. I.D. No. 43.

is obvious that Motion for Stay is poorly drafted, the Court will treat it as a request for a stay of the Dismissal Order pending disposition of her appeal pursuant to Fed. R. Bankr. P. 8005. There is no basis for such a stay.

On December 1, 2008, the Plaintiff became a debtor in this Court by filing a petition pursuant to Chapter 7 of the Bankruptcy Code. Subsequently, on December 9, 2008, the Plaintiff filed this Adversary Proceeding against Deutsche Bank, asserting, *inter alia*, that Deutsche Bank brought foreclosure proceedings in state court before it was assigned the note, and thus had no standing to foreclose on the Property. Complaint at ¶¶ 12, 13. The Plaintiff had defaulted on a mortgage which secured the Property, and Deutsche Bank foreclosed on the Property in state court. The Connecticut Superior Court granted Deutsche Bank a judgment of strict foreclosure on May 5, 2008. The Plaintiff subsequently moved to vacate the judgment, claiming, *inter alia*, that Deutsche Bank was not a holder in due course. Her motion was denied. Through the Complaint, the Plaintiff alleged that Deutsche Bank violated "various state and Federal laws", Complaint at ¶ 13, and, by way of relief, the Plaintiff, *inter alia*, petitioned this Court to reverse and dismiss the Superior Court judgment. (Complaint. ¶ 19.)

On March 3, 2009, after notice and a hearing on Deutsche Bank's <u>. . . Motion to Dismiss . . .</u> (hereafter, the "Motion to Dismiss"), Doc. I.D. No. 14, this Court entered the Dismissal Order by margin endorsement which stated:

> **GRANTED**. Adversary Proceeding No. 08-2070 is **DISMISSED,** upon the observations and arguments of the Defendant in its <u>Memorandum of Law</u>, Doc. I.D. No. 16, which the Court adopts. Distilled to its essence, the Complaint in this Adversary Proceeding attacks and seeks to relitigate a matter "inextricably intertwined" with and "actually litigated and necessarily determined" in a foreclosure action in Superior Court for the State of Connecticut. The Complaint requests, *inter alia*, that this Court "reverse" certain the State Court judgments, and grant compensatory and punitive damages related to the Defendant's "conduct, attitudes, actions or omissions"

in connection with the State Court litigation. Complaint, pages 5-6. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)(precluding lower federal courts from deciding a collateral attack on a state court decision).

The Motion for Stay is governed by a multi-factored analysis distilled by the United States Supreme Court in Hilton v. Braunskill, 481 U.S. 770, 776 (1987).[2] Under that analysis, the following factors must be considered:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) *whether the applicant will be irreparably injured absent a stay*; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. (emphasis supplied).

**A. Likelihood of Success on Appeal.**

As to the first Hilton v. Braunskill factor, the likelihood of success on appeal, this Court finds that the Plaintiff has not made a strong showing (or demonstrated a substantial possibility, even if less than a likelihood) of success on appeal. This Court recognizes the inherent conflict of a rendering court determining that its own order will or will not be reversed on appeal. And, while this Court would never be so bold as to assume that any of its rulings is impervious to appellate reversal, in this particular case the Court is confident in this determination.

Through the Complaint, the Plaintiff has mounted a collateral attack on a state court

---

[2] The Court is also mindful of the four part test (hereafter "the Hirschfeld standard") articulated by a number of panels in the United States Court of Appeals for the Second Circuit, and subordinate Courts therein.) *See, e.g.,* Cooper v. Town of East Hampton, 83 F.3d 31, 36 (2d Cir.1996); LaRouche v. Kezer, 20 F. 3d 68, 72 (2d Cir.1994); Hirschfeld v. Board of Elections, 984 F.3d 35, 39 (2d Cir. 1992); In re Country Squire Assoc. of Carle Place, L.P., 203 B.R. 182, 183 (2d Cir. BAP 1996) ("(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, *(3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal*, and (4) the public interests that may be affected.")(emphasis added). Guided by Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir.1998)(applying Hilton v. Braunskill without modification), the present matter is resolved through application of the precise multi-factor analysis set forth in Hilton v. Braunskill. *See* In re Altman, 230 B.R. 17, 18 (Bankr. D. Conn. 1999). However, Hilton v. Braunskill as interpreted by the Hirschfeld analysis produces the identical result.

determination. As noted in the Dismissal Order, application of <u>Rooker v. Fidelity Trust Co.</u> precludes this Court from entertaining such an assault. It is likely that the appeal will be dismissed on that basis.

**B.  Irreparable Injury Absent a Stay**

The Plaintiff's singular basis for an appellate stay is founded on her assertion of irreparable injury. Other than the Plaintiff's bald assertion, there is no basis to even speculate that *irreparable* injury is present here.  Indeed,  there are certain cases in which the finality of a loss or injury is appropriate and, frankly, overdue. This is such a case.[3]

**C.  Substantiality of Injury to Other Parties if a Stay is Granted.**

In this Court's view, Plaintiff's conduct before this Court has been evidenced by repetitive motions (often asserting claims and legal contentions not warranted by existing law) in a relentless pursuit of an abusive agenda, and argued with a generally irreverent approach to responsibility, at the expense and visiting injury upon Deutsche Bank (and others) through its having to defend itself from her attacks.

**D.  Public Interest.**

Ordinarily, integrity, and the appearance of integrity, of the bankruptcy process as a whole, while always an important consideration for this Court, does not occupy a dominant position in a stay calculus pursuant to Fed. R. Bankr. P.  8005 and/or under other applicable authority. However, where, as is the case here, a Plaintiff's conduct before a bankruptcy court exposes a repetitive, and persistent abusive agenda, and a generally irreverent approach to responsibility, at the expense and visiting injury on a creditor or creditors,  as

---

[3] The Court also believes that there are instances when an individual's loss of specific property aids the long-term well-being of that individual by facilitating a transition to a healthier and less adversarial lifestyle. This may well be such a case.

well as the Court, public confidence in the integrity of the bankruptcy process can only be eroded if an appeal with no discernible backbone is permitted to further exacerbate that injury. In this case, considerations of public interest weigh against a stay pending appeal.

### CONCLUSION AND ORDER

No element in the multi-factored analysis distilled by the United States Supreme Court in <u>Hilton v. Braunskill</u> provides a basis for stay relief pending appeal, in accordance with which

**IT IS HEREBY ORDERED** that the Motion for Stay, Doc. I.D. No. 45, is **DENIED**.

Dated: April 7, 2009                                                                                   BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge